UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| RALPH TURNER | ) |
|     Plaintiff | ) |
| | ) |
|     vs. | ) Cause No. 3:15-cv-37-RLY-WGH |
| | ) |
| LIBERTY LIFE ASSURANCE COMPANY | ) |
| OF BOSTON, INDIVIDUALLY AND AS A | ) |
| MEMBER OF LIBERTY MUTUAL | ) |
| GROUP, INC. | ) |
|     Defendant | ) |

# COMPLAINT

1. Plaintiff, Ralph Turner, ("Mr. Turner") brings this action against Liberty Life Assurance Company of Boston, Individually and as a Member of Liberty Mutual Group, Inc. for violation of the Employment and Retirement Income Security Act of 1974, as amended, *29 U.S.C. §1001, et seq.*, ("ERISA"). Mr. Turner was a participant in the plan, and ERISA welfare benefit plan, as administered by Liberty Life Assurance Company of Boston, Individually and as a Member of Liberty Mutual Group, Inc. This Complaint challenges the Defendant's unlawful denial of Mr. Turner's request for long-term disability benefits despite medical evidence demonstrating his qualification for said benefits. Mr. Turner is filing this action to recover benefits due under a policy of insurance to enforce the present rights existing therein, to declare his rights under the terms of the policy, and to recover costs and attorney's fees as provided by ERISA.

# JURISDICTION

2. This Court has personal and subject matter jurisdiction over this case pursuant to *29 U.S.C. §1132€ and (f)* because of Defendant's breach of its ERISA obligation to him.

## THE PARTIES

3. The Plaintiff, Ralph Turner, is a resident of Posey County, Mt. Vernon, Indiana.

4. The Plaintiff, Ralph Turner, at all times pertinent, was a participant within the meaning of *29 U.S.C. §1002(2)(7)* in the group long-term disability ("LTD") plan that was issued to SABIC Innovative Plastics, Plaintiff's employer.

5. The Plaintiff, Ralph Turner has standing to bring this action under ERISA *29 U.S.C. §1132(a)*.

6. The Defendants, Liberty Life Assurance Company of Boston and Liberty Mutual Group, Inc. are incorporated in the State of Massachusetts. Said Defendants, Liberty Life Assurance Company of Boston and Liberty Mutual Group, Inc., have authority to conduct business in the State of Indiana, and were engaged in the business of, among other things, providing long term disability insurance to employees of SABIC Innovative Plastics in Posey County, Indiana.

7. The Defendants, Liberty Life Assurance Company of Boston and Liberty Mutual Group, Inc. are for-profit corporations and do business in the State of Indiana, deriving revenue from business they conduct in Indiana.

## COMPLAINT FOR BREACH OF INSURANCE CONTRACT

8. The plan under which the Plaintiff is suing is a group disability plan sponsored by SABIC Innovative Plastics, ("the Company") and fully insured by a contract of insurance issued by Liberty Life Assurance Company of Boston, Individually and as a Member of Liberty Mutual Group, Inc.

9. Up until April, 2013 Plaintiff was working full-time for the Company. He has not worked since that time.

10. The Plan's covered class includes Plaintiff.

11. As a full-time employee, Mr. Turner became insured under the Plan.

12. The LTD Policy provided for monthly payments to the Plaintiff in the amount of a percentage of his basic monthly earnings in the event of a "disability," which LTD policy defined as, due to injury or sickness, an "inability to perform all the material duties of [Plaintiff's] regular occupation" and, after 12 months, "an inability to perform all the material duties of any occupation."

13. Defendants terminated LTD Policy benefits they were paying to Plaintiff, alleging that he was not unable to perform the duties of "any occupation" as defined by said LTD Policy. Plaintiff timely appealed said denial on January 12, 2015 because he is, in fact, unable to perform the material duties of any occupation as defined by said LTD Policy. That appeal was denied by the Defendants on February 19, 2015 and since said time the Defendants have refused to pay LTD benefits to Plaintiff.

14. The Defendants funds the plan that it administers.

15. The Defendants have improperly denied Plaintiff his benefits in the following manner:

a. They have failed to acknowledge the findings of his treating health care providers;

b. They have failed to take into consideration the fact that Plaintiff was awarded Social Security Disability benefits;

c. They have failed to take into account the medical records of the treating

physicians;

        d. They have evaluated the medical and vocational evidence in a biased manner.

16.    The Defendant's denial of long-term disability benefits is a violation of *29 U.S.C. §1132(a)(1)*.

**WHEREFORE**, Plaintiff, Ralph Turner prays for the following relief:

        a. Declaratory relief that he is entitled to disability benefits, past and present, plus interest;

        b. Reasonable attorney fees and costs pursuant to *29 U.S.C. §1132(a)*;

        c. Alternatively, a remand requiring Defendants to consider all of the evidence and how it impacts upon Plaintiff's ability to work; and

        d. Any other relief that this Honorable Court deems appropriate.

        *s/ David K. Robinson*
        David K. Robinson
        Attorney No. 6263-82
        311 N. Wabash Avenue
        Evansville, IN 47712
        (812)-428-6655